San Antonio & Aransas Pass Railway Company v. W. J. Clark.

Decided May 1, 1901.

1.—Railway—Killing Stock—Negligence—Charge.

A charge holding a railway liable for killing a cow within corprate limits, if the train was running more than six miles per hour in violation of the rules of the company, was erroneous in assuming the rate of speed to be the cause of the injury.

2.—Killing Stock—Public Street.

Where an animal was killed by the train at the crossing of a public street, negligence in the management of the train must be shown, to support a recovery.

Appeal from the County Court of Milam. Tried below before Hon. W. M. McGregor.

*W. A. Morrison* and *E. A. Wallace,* for appellant.

*N. H. Tracy,* for appellee.

FISHER, Chief Justice.—On appeal from a justice court, the County Court rendered a judgment in favor of the appellee against the appellant for the value of a cow killed by one of appellant's trains in the corporate limits of the city of Rockdale. The court instructed the jury as follows: "If you believe from the evidence that the cow mentioned in plaintiff's petition was upon the railroad track of defendant company in the corporate limits of the city of Rockdale, Milam County, Texas, and at the time said cow was on said track defendant's train was running faster than six miles an hour, at the time said animal was

struck by said train (if you believe said animal was struck by said train) then in such case you will find the defendant guilty of negligence, and you' will find for the plaintiff against the defendant the reasonable market value of said cow at the time."

There is evidence in the record to the effect that the rules of the railway company limited the speed of trains at the place where the cow was struck to not faster than six miles an hour; and it is evident that upon this evidence the charge quoted is based. To warrant the conclusion that a violation of the rules of the company or the instructions given to its servants in the operation of its trains constitutes negligence, it must appear that such breach of duty was the proximate cause of the injury. Such being the case, it becomes a question of fact to be passed upon by the jury, and it would be an invasion of their province for the court to instruct them that actionable negligence arises from such violation as a matter of law.

There is no evidence in the record of the existence of an ordinance of the city of Rockdale limiting the speed of trains through the corporate limits. Therefore, what bearing or effect such an ordinance, if violated, might have upon the question of negligence or the right of plaintiff to recover, is not before us for consideration.

For the error in giving the charge, the judgment of the trial court will be reversed.

In response to the assignment of error that complains of the judgment on account of the insufficiency of the evidence, we desire to say this much, in view of another trial,—that if the animal was killed at the crossing of the public street in the city of Rockdale, and at a place where the railway track could not be fenced, negligence of some character upon the part of the servants in the management of the train proximately causing the death must be shown.

*Reversed and remanded.*